Straight Party Voting — Machines — Judicial Officers A voting machine constructed and programmed so that a voter desiring to vote a straight ticket must move a reasonable number of selectors or levers to the party designation of his choice would be in substantial compliance with 26 O.S. 274 [26-274] (1961). The procedure for voting a straight ticket on a particular voting machine must be clearly and precisely set out by the appropriate election officials for the information and benefit of the voter using said machine. The Attorney General is in receipt of your letter dated September 9, 1968, wherein you state that the Tulsa County Election Board is in the process of programming their voting machines for the 1968 General Election in November. You further advise that a voter utilizing such a machine would have to move five individual selectors to the party designation of his choice in order to vote a straight ticket. You then ask: "Would such a procedure for voting a straight party ticket be in accord with the statutes of this State as those statutes relate to the 1968 General Election?" Title 26 O.S. 274 [26-274] (1961), provides in relevant part: "A voting machine to be used must be so constructed as to provide facilities for voting for candidates at both primary and general elections or at a nonpartisan election and also at a combination of a nonpartisan and partisan primary or general election. It must permit a voter to vote for any person whose name is entitled to appear on the ballot, for any office whether or not nominated as a candidate by any party or organization. It must be so constructed as to permit straight party voting as well as mixed or split tickets. . . ." (Emphasis added) The aforementioned statutory language does not delineate the procedure for straight party voting, nor are we cognizant of any other statutory provisions prescribing same. It is readily apparent that the Legislature intended to allow a voter the option to cast his vote for a particular party and its slate of candidates rather than voting for individual candidates. Hence, a voting machine constructed so as to permit a voter to move certain selectors to a party designation which in turn reflects a vote for all candidates of such party appearing thereafter would, in effect, be straight party voting. We are not aware of any statutory requirements that a voting machine be constructed and programmed in such a manner that only a single lever need be moved to vote a straight ticket. This is particularly significant when related statutes from other states are examined. For example, 25 PS., Section 3010, of the State of Pennsylvania provides in pertinent part: "The names of all candidates of a political party shall appear in the same row or column, and no other names shall appear in the same row or column, to the left or top of which shall be a straight party lever, by means of which an elector may, in one operation, vote for all the candidates of that political party for every office to be voted for. . . ." It is therefore the opinion of the Attorney General that a voting machine constructed and programmed so that a voter desiring to vote a straight ticket must move a reasonable number of selectors or levers to the party designation of his choice would be in substantial compliance with applicable provisions of the Oklahoma election laws. Obviously, the procedure for voting a straight ticket on a particular voting machine must be clearly and precisely set out by the appropriate election officials for the information and benefit of the voter using said machine. This opinion is premised on the assumption that the candidates for judicial office will be listed separately so as to be unassociated with any political party and on the representation that the voting machine can be programmed so that the selectors could be moved to the party designators by the voter voting a straight ticket. (Don Timberlake)